UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| INFOEXPRESS INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>CISCO SYSTEMS, INC.,<br><br>   Defendant. | Case No. 23-cv-02698-YGR (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 55 |

There are two issues in the pending discovery letter: (1) whether the expert can take notes electronically during source code review (as opposed to by hand) on a secure device with internet connectivity disabled and (2) whether the court should enter InfoExpress's ESI order.[1]

One, for the reasons advanced by InfoExpress, and like the court in *Epic Games, Inc. v. Acceleration Bay LLC*, the court allows the expert to take notes on the source code electronically in a secure manner.[2] No. 4:19-cv-04133-YGR-SK, ECF No. 69 (N.D. Cal. Jan. 17, 2020) (taking notes by hand in a high-technology case is too burdensome; allowed notetaking by device that was not connected to any other network, the internet, or any peripheral device other than a keyboard, mouse, and monitor (without a camera)). Cisco says that InfoExpress's proposed protocol is not

---

[1] Joint Letter – ECF No. 44. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 3–4.

ORDER – No. 23-cv-02698-YGR (LB)

secure enough but it does not propose what would work.[3] Conceptually, as demonstrated by the cases where parties do reach agreements on secure protocols for electronic notetaking, notes can be taken securely. Also, InfoExpress proposes secure notetaking on a secure device that has been "disabled to the satisfaction of the Producing Party."[4] The parties must try to agree on the secure protocol but if they cannot, they can submit competing proposals. (The court is not going to wade into InfoExpress's proposal solo.) Also, the court appreciates the blackline compare, but it can be limited to only the provision at issue in any round two (as opposed to the entire protective order). Finally, it can be helpful to look at competing proposals side by side: the court trusts that the parties will queue up any disagreements in a way that is easy to evaluate.

Second, the ESI dispute is premature. Generally, having Cisco do some initial work makes sense.[5] InfoExpress says that Cisco is stalling.[6] By January 18, 2024, the parties must propose a timeline for raising any disagreements about the ESI protocol (nailed to firm dates).

For whatever utility it has in allowing discovery to go forward, the court approves the submitted model protective order except for the provision on the notetaking (pending the process in this order).

This resolves ECF No. 55.

**IT IS SO ORDERED.**

Dated: December 22, 2023

LAUREL BEELER
United States Magistrate Judge

---

[3] *Id.* at 5–6.
[4] *Id.* at 3.
[5] *Id.* at 6.
[6] *Id.* at 4.