1  Krishnan Padmanabhan (SBN 254220)
   WINSTON & STRAWN LLP
2  200 Park Avenue
   New York, NY 10166-4193
3  Telephone: (212) 294-6700
   Facsimile: (212) 294-4700
4  KPadmanabhan@winston.com

5  David Enzminger (SBN 137065)
   WINSTON & STRAWN LLP
6  333 S. Grand Avenue
   Los Angeles, CA 90071
7  Telephone: (213) 615-1700
   Facsimile: (213) 615-1750
8  DEnzminger@winston.com

9  William Logan (*pro hac vice*)
   WINSTON & STRAWN LLP
10 800 Capitol Street, Suite 2400
   Houston, TX 77002-2925
11 Telephone: (713) 651-2600
   Facsimile: (713) 651-2700
12 WLogan@winston.com

13 Patrick Clark (*pro hac vice*)
   WINSTON & STRAWN LLP
14 2121 N. Pearl St., Suite 900
   Dallas, TX 75201
15 Telephone: (214) 453-6492
   Facsimile: (214) 453-6400
16 PClark@winston.com

17 Attorneys for Defendant
   CISCO SYSTEMS, INC.
18

19                    **UNITED STATES DISTRICT COURT**

20                    **NORTHERN DISTRICT OF CALIFORNIA**

21                              **OAKLAND DIVISION**

22 | INFOEXPRESS INC.,        | Case No. 4:23-cv-02698-YGR
23 |        Plaintiff,         | **CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION FOR INFOEXPRESS INC. TO AMEND ITS CIVIL L.R. 3-15 DISCLOSURE**
24 |        v.                 |
25 | CISCO SYSTEMS, INC.,      |
26 |        Defendant.         | **DEMAND FOR JURY TRIAL**
27
28

## TABLE OF CONTENTS

PAGE

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................................1

I. INTRODUCTION ...............................................................................................................................1

II. PROCEDURAL BACKGROUND ......................................................................................................1

III. LEGAL STANDARD .........................................................................................................................2

IV. ARGUMENT ......................................................................................................................................2

    A. The Plain Language of Civil L.R. 3-15 Requires Disclosure of Longford Capital .............2

    B. InfoExpress's Arguments Are Unpersuasive .......................................................................3

V. CONCLUSION....................................................................................................................................5

i

DEFENDANT CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION FOR INFOEXPRESS INC. TO AMEND ITS
CIVIL L.R. 3-15 DISCLOSURE
CASE NO. 4:23-CV-02698-YGR

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*GoTV Streaming, LLC v. Netflix, Inc.*,
    No. 2:22-cv-07556-RGK-SHK, 2023 WL 4237609 (C.D. Cal. May 24, 2023) .................................... 4

*Lyft, Inc. v. Quartz Auto Techs. LLC*,
    No. 21-cv-01871-JST (RMI), 2022 WL 17076703 (N.D. Cal. Nov. 18, 2022) ............................. 2, 5

*MLC Intellectual Property, LLC v. Micron Technology, Inc.*,
    No. 14-cv-03657-SI, 2019 WL 118595 (N.D. Cal. Jan. 7, 2019) ...................................................... 3, 4

*Stewart v. Screen Gems-Emi Music, Inc.*,
    No. 14-cv-04805-JSC, 2015 WL 13648928 (N.D. Cal. Jan. 13, 2015) ................................... 2, 3, 4, 5

**Statutes**

28 U.S.C. § 455(d)(1) ................................................................................................................................. 2

28 U.S.C. § 455(d)(3) ................................................................................................................................. 2

28 U.S.C. § 455(d)(4) ................................................................................................................................. 2

**Other Authorities**

Civil L.R. 3-15 .................................................................................................................................. *passim*

L.R. 7.1 .................................................................................................................................................. 3, 4

L.R. 7.1-1 ................................................................................................................................................... 4

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Cisco Systems, Inc. ("Cisco") respectfully moves the Court to require that InfoExpress Inc. ("InfoExpress") publicly disclose its third-party litigation funder, Longford Capital Fund III, LP ("Longford Capital"), as having a financial interest in this case pursuant to Civil L.R. 3-15.

### I.   INTRODUCTION

From the outset of this case, and in direct contravention of this District's Local Rules, InfoExpress has refused to identify those with an interest in the asserted patents and this litigation. This includes refusing to identify its litigation funder, which Cisco has otherwise ascertained (from public documents) as Longford Capital. (Ex. B.) These refusals are contrary to the mandatory disclosure requirements set forth in Civil L.R. 3-15 and to InfoExpress's discovery obligations.

### II.   PROCEDURAL BACKGROUND

On May 31, 2023, InfoExpress represented to the Court that, "[p]ursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report." (ECF No. 3 at 2.) Cisco propounded its Request No. 16, seeking "[d]ocuments and [t]hings relating to any funding or financing of this Action by a party other than Plaintiff," to which InfoExpress responded that it "will not produce documents responsive to this Request." (Ex. A at 14.) Cisco also served its Interrogatory No. 11, which requested that InfoExpress "[d]escribe any litigation funding agreement or other agreement that creates a financial interest of any kind in the subject matter in controversy . . ." to which InfoExpress responded with boilerplate objections. (K. Padmanabhan Decl. ¶ 4.) On January 5, 2024, Cisco initially raised with InfoExpress the apparent inconsistency between InfoExpress's Civil L.R. 3-15 disclosure and responses to Cisco's discovery requests, which indicated that an independent third party may have a financial interest in this case. (Ex. C at 1.) InfoExpress did not respond. Then, on February 9, 2024, Cisco informed InfoExpress that it independently discovered InfoExpress's litigation funder via Longford Capital's UCC Financing Statement (filed on March 21, 2023), which identified Longford Capital as the "Secure Party" and InfoExpress as the "Debtor." (Exs. B; D at 1.) Cisco also explained InfoExpress's duty to identify all parties with a financial interest in this case, including Longford Capital, pursuant to Civil L.R. 3-15. (*Id.*) On February 14, 2024, InfoExpress responded,

disputing its obligation to disclose Longford Capital, and over the subsequent weeks, the parties have exchanged multiple correspondences regarding disputes over InfoExpress's 3-15 disclosure requirements and other discovery issues related thereto, which Cisco is contemporaneously raising in a Joint Discovery Letter Brief. (Exs. E at 3–5; F at 4–6; G at 2; H at 2; I at 3; J; K at 4–5.) The parties have since agreed that they are at an impasse regarding this issue and therefore seek the Court's intervention. (Ex. K at 5.)

### III.     LEGAL STANDARD

Civil L.R. 3-15 requires that any party file a "Certification of Conflicts and Interested Entities or Persons" (collectively, the "Certification"). The Certification must "disclose any persons, associations of persons, firms, partnerships, corporations . . ., or any other entities, other than the parties themselves, known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding." Civil L.R. 3-15(b)(2). "Proceeding" and "financial interest" are afforded the same meaning as defined by 28 U.S.C. § 455(d)(1), (3), and (4). *Id.* 3-15(b)(3). In relevant part, "proceeding" refers to "pretrial, trial, appellate review, or other stages of litigation," and "financial interest" means "ownership of a legal or equitable interest; however small, or a relationship as director, adviser, or other active participant in the affairs of a party . . ." *Id.* §§ 455(d)(1), (4). Courts in this District have held that the disclosure requirements under Civil L.R. 3-15 may be enforced through an administrative motion. *See Lyft, Inc. v. Quartz Auto Techs. LLC*, No. 21-cv-01871-JST (RMI), 2022 WL 17076703, at *6 (N.D. Cal. Nov. 18, 2022); *see also Stewart v. Screen Gems-Emi Music, Inc.*, No. 14-cv-04805-JSC, 2015 WL 13648928, at *2 (N.D. Cal. Jan. 13, 2015).

### IV.     ARGUMENT

#### A.     The Plain Language of Civil L.R. 3-15 Requires Disclosure of Longford Capital

Civil L.R. 3-15(b)(2) requires InfoExpress to identify all entities with a financial interest in this case. In particular, the disclosure mandate of Civil L.R. 3-15(b)(2) is broad and requires the disclosure of "any other entities" that have "a financial interest of any kind in the subject matter in controversy or in a party to the proceeding." Civil L.R. 3-15(b)(2)(i). In Exhibit A of the UCC Licensing Statement, it describes Longford Capital's "right, title and interest in and to the Proceeds, as further set forth in the

funding agreement." (Ex. B at 2.) "Proceeds" entitles Longford Capital to an exceedingly broad financial interest in this case, including "any and all gross, pre-Tax monetary recovery or the value of any other consideration received, or to be received, directly or indirectly by [InfoExpress] . . ., directly or indirectly from a Defendant, or directly or indirectly related to the Claims or the Patents" in connection with "awards," "damages," "settlement amounts," "distribution or transfer of property or other assets," "judgments," "injunctions," "sales," "voluntary dismissals," etc. (*Id.* at 3.) The scope of Longford Capital's entitlement to Proceeds is expansive and based on any "monetary recovery" from "Claims," which means "all efforts or actions by or on behalf of [InfoExpress] or its Affiliates to sell, license, enforce, or otherwise monetize the Patents against any Defendant . . ." (*Id.*)  It also appears that Longford Capital's rights go far beyond a right to litigation awards as "Proceeds" includes "the value of any other consideration received . . . directly or indirectly related to . . . the Patents" relating to "injunctions," "sales," and "contracts or licenses." (*Id.*) Under the Funding Agreement, InfoExpress does not appear able to sell the Asserted Patents, license them, enforce them, or settle this case without Longford Capital's approval. (*Id.*) Indeed, InfoExpress appears to have brought this case on behalf of Longford Capital. (*Id.* at 2 ("'Claims' means all efforts or actions by or on behalf of [InfoExpress] or its Affiliates to sell, license, enforce, or otherwise monetize the Patents against any Defendant.").) The InfoExpress-Longford Capital Funding Agreement clearly entitles Longford Capital to a financial interest in this case, requiring InfoExpress to amend its Civil L.R. 3-15. *See, e.g.*, *Stewart*, 2015 WL 13648928, at *2 (granting an administrative motion to compel disclosures of financially interested parties under Rule 7.1 and Civil L.R. 3-15 and requiring "a recalcitrant party" to "comply with the same Rules with which every litigant that appears in the Northern District of California has to comply").

   **B.  InfoExpress's Arguments Are Unpersuasive**

   InfoExpress has made several attempts to misconstrue the language of Civil L.R. 3-15 to avoid the required disclosure, but they are unavailing. Relying on *MLC Intellectual Property, LLC v. Micron Technology, Inc.*, InfoExpress argues that "this Court has held that discovery of [a] litigation funder . . . was not required by Civil L.R. 3-15 . . ." (Ex. E at 3 (citing No. 14-cv-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019).) *MLC* does not stand for the general proposition that litigation funders need not

be disclosed under Civil L.R. 3-15. Rather, anyone with a financial interest in this case needs to be disclosed, which (as detailed above) includes InfoExpress's litigation funder (Longford Capital). *See, e.g.*, *Stewart*, 2015 WL 13648928, at *2 ("Civil Local Rule 3-15 is also clear: the disclosure must identify other entities that have 'a financial interest (of any kind) . . . in a party to the proceeding.'"). InfoExpress also contends that the plaintiff in *MLC* "complied with the local rules [L.R. 3-15] and disclosed persons and entities with a financial interest in this case . . ." (Ex. E at 3 (citing No. 14-cv-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019).) In *MLC*, the plaintiff actually disclosed individuals with a financial interest in that case. *MLC*, 2019 WL 118595, at *2 ("[The plaintiff] responds that it has already identified all persons and entities having a financial interest in the controversy, as required by Civil Local Rule 3-15."); (Ex. N (explicitly identifying members of the plaintiff as having either a financial interest or non-financial interest).) But unlike *MLC*, InfoExpress has failed to disclose Longford Capital, and its representation has been deficient for almost a year. (ECF No. 3.)

InfoExpress's cursory reliance on *GoTV Streaming, LLC v. Netflix, Inc.* is equally futile. (Ex. E at 3–4 (citing No. 2:22-cv-07556-RGK-SHK, 2023 WL 4237609, at *12 (C.D. Cal. May 24, 2023).) Specifically, InfoExpress claims that the *GoTV* holding, interpreting Local Rule 7.1-1 of the Central District of California, should similarly apply because "Local Rule 7.1-1 tracks closely with this District's Civil L.R. 3-15." *Id.* Local Rule 7.1-1 is different in scope to Civil L.R. 3-15. Local Rule 7.1-1 requires the disclosure of various entities "that may have a pecuniary interest in the outcome of the case" to "enable the Court to evaluate possible disqualification or recusal." *GoTV*, 2023 WL 4237609, at *12. Instead, this District's Civil L.R. 3-15 is not limited to a court determining whether "to evaluate possible disqualification or recusal," but encompasses disclosure of any entity "with a financial interest of any kind in the subject matter in controversy or in a party to the proceeding." Indeed, this District has previously agreed that Civil L.R. 3-15 is not limited "to determine if disqualification is required[.] [A] [party] does not have the discretion to decide whether to comply with Rule 7.1 and [Civil L.R. 3-15.]." *Stewart*, 2015 WL 13648928, at *2. Moreover, the plaintiff in *GoTV* disclosed its litigation funder, which InfoExpress has refused to do. *GoTV*, 2023 WL 4237609 (observing that the plaintiff "has disclosed the name of the litigation funder").

In a final attempt to avoid complying with Civil L.R. 3-15, InfoExpress incorrectly argues that it need not disclose Longford Capital because it (wrongly) believes that Civil L.R. 3-15 requires identifying litigation funders "for class actions only" pursuant to this District's Standing Order for All Judges of the Northern District of California Contents of Joint Case Management Statement ("Standing Order for All Judges"). (Exs. I at 3; E at 4.) But the provision that InfoExpress cites (which requires the parties to disclose both entities with a "financial interest" and those "funding the prosecution of any claim or counterclaim") nowhere suggests it abrogates the separate disclosure requirement applicable here. (Ex. L ¶ 17.) InfoExpress cannot dispute that Longford Capital has a financial interest in this case. (*Cf.* Exs. E at 5 ("Cisco knows the name of the funder as set forth in its February 9, 2024 letter.") *with* D at 1–2 (identifying InfoExpress's failure to disclose Longford Capital as having a financial interest in this case pursuant to Civil L.R. 3-15). And unrelated class action disclosure requirements do not absolve InfoExpress from its duty to disclose that interest, or any interest held by a similarly situated entity (e.g., any other litigation funders). Consistent with this understanding, courts in this District have required parties to disclose financially interested entities under Civil L.R. 3-15 for non-class actions since the Standing Order that InfoExpress cites was entered on January 17, 2017. (Ex. M ¶ 19); *Lyft,* 2022 WL 17076703, at *6; *see also Stewart*, 2015 WL 13648928, at *2.

## V. CONCLUSION

Based on the foregoing, Cisco respectfully requests that the Court require InfoExpress to amend its Civil L.R. 3-15 disclosure and identify Longford Capital, and any other similarly situated entity, as having a financial interest in this case.

| | | |
|---|---|---|
| 1 | Dated: April 26, 2024 | WINSTON & STRAWN LLP |
| 2 | | |
| 3 | | By: */s/ Krishnan Padmanabhan* |
| | | Krishnan Padmanabhan (SBN: 254220) |
| 4 | | WINSTON & STRAWN LLP |
| | | 200 Park Avenue |
| 5 | | New York, NY 10166-4193 |
| | | Telephone: (212) 294-6700 |
| 6 | | Facsimile: (212) 294-4700 |
| | | KPadmanabhan@winston.com |
| 7 | | |
| | | David Enzminger (SBN: 137065) |
| 8 | | WINSTON & STRAWN LLP |
| | | 333 S. Grand Avenue |
| 9 | | Los Angeles, CA 90071 |
| | | Telephone: (213) 615-1700 |
| 10 | | Facsimile: (213) 615-1750 |
| | | DEnzminger@winston.com |
| 11 | | |
| | | William Logan (*pro hac vice*) |
| 12 | | WINSTON & STRAWN LLP |
| | | 800 Capitol Street, Suite 2400 |
| 13 | | Houston, TX 77002-2925 |
| | | Telephone: (713) 651-2600 |
| 14 | | Facsimile: (713) 651-2700 |
| | | WLogan@winston.com |
| 15 | | |
| | | Patrick Clark (*pro hac vice*) |
| 16 | | WINSTON & STRAWN LLP |
| | | 2121 N. Pearl St., Suite 900 |
| 17 | | Dallas, TX 75201 |
| | | Telephone: (214) 453-6492 |
| 18 | | Facsimile: (214) 453-6400 |
| | | PClark@winston.com |
| 19 | | |
| | | Attorneys for Defendant |
| 20 | | CISCO SYSTEMS, INC. |

6

DEFENDANT CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION FOR INFOEXPRESS INC. TO AMEND ITS
CIVIL L.R. 3-15 DISCLOSURE
CASE NO. 4:23-CV-02698-YGR